Tilghman C. J.
(After stating the facts.) The question is not simply, whether the right to a .location may under any circumstances be conveyed by parol: but whether M'Kenzie's declarations are not to be understood to refer to a conveyance • by' writing. For, if the conveyance was by writing, it ought to have been produced or proof made of its loss. Now, it appears to me, that when a man says he has sold and conveyed land, the fair understanding is, that he has conveyed by writing. If the conveyance had not been by writing, he would only have said, that he had sold the land: because the bare act of sale and receipt of the consideration money would Operate as a. parol conveyance. If the defendant had given evidence of any other expressions tending to explain the words sold and conveyed, and to shew, that a parol conveyance was intended,.it would then have been necessary to consider, whether such conveyance unaccompanied with possession, and without proof of payment of any consideration money would have been good. But taking the declarations of ■M'Kenzie just as they were proved, abstracted from all other considerations, I understand him to have meant a written *475 ■conveyance; and therefore the par.ol .evidence ought to have been admitted.
There was another exception in this case, to the admission in evidence of certain proceedings in the Orphan’s Court, shewing, that the land in dispute was sold as part of the estate of John Campbell. The decision of the first exception, involves in it the decision of the second: because unless title was proved in John Qampbell, it was improper to give evidence of any proceedings by which this land was considered as part of his estate. The title of John Campbell having fallen to the ground, the proceedings of the Orphan’s Court had nothing to support them. . I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment reversed, and a venire, facias de novó awarded.